**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**
**upon the relation and for the use of**
**the Tennessee Valley Authority**

**V.**                                                          **NO. 3:22-CV-26-DMB-RP**

**TREE-REMOVAL RIGHTS WITH**
**RESPECT TO LAND IN DESOTO**
**COUNTY, MISSISSIPPI, and**
**LINDA B. STEWART, Trustee of**
**the Linda B. Stewart Living Trust,**
**dated February 7, 2006, as amended**                          **DEFENDANTS**

**ORDER**

This condemnation action is before the Court on the parties' joint motion for an entry of

judgment and order disbursing funds. Because the parties have agreed on an amount constituting

just compensation, the motion will be granted.

**I**
**Procedural History**

On February 9, 2022, the United States of America, upon the relation and for the use of the

Tennessee Valley Authority ("TVA"), filed a complaint in the United States District Court for the

Northern District of Mississippi "for the taking of property under the power of eminent domain

and for the ascertainment and award of just compensation to the owners and parties in interest."

Doc. #1 at 1. Specifically, TVA seeks to take for public use, a "perpetual right to remove, cut

down, destroy, and/or otherwise dispose of any trees which in falling could come within five feet

of any line, structure, appurtenance, facility, or conductor" in property located in "Tract No.

MWND-3A-CR" in "Section 20, Township 1 South, Range 6 West of Desoto County, Mississippi"

("Property"). Doc. #1-1. The complaint lists as a defendant who may claim an interest in the

Property "Linda B. Stewart, Trustee of the Linda B. Stewart Living Trust, dated February 7, 2006, as amended." Doc. #1 at 1–2.

On February 28, 2022, on TVA's motion,[1] the Court authorized the Clerk of Court to "accept from TVA a check for $3,600, and any future funds." Doc. #10 at 2. On March 3, 2022, TVA deposited $3,600 into the Court's registry and the next day filed a "Notice of Tendering Deposit" declaring that such funds had been delivered to the Clerk of Court. Doc. #11. Eight days later, the Court granted TVA's motion for immediate possession of the Property. Doc. #14. Counsel for Stewart entered an appearance on March 15, 2022. Doc. #15.

TVA notified the court "of the parties' settlement" of the action on July 29, 2022. Doc. #33. Eleven days later, the parties filed a "Joint Motion for Entry of a Proposed Judgment and Order Disbursing Funds." Doc. #34. The parties represent that "[t]he sole remaining issue … is the amount of compensation to be awarded for the property rights that were taken" and the parties agree "(a) the total compensation to be awarded for the condemned property rights shall be $7,250; (b) [TVA] has deposited with the registry of this Court the sum of $7,250; and (c) the deposited sum shall be paid to [Stewart]."[2] *Id.* at 1.

## II
## Analysis

The Fifth Amendment to the United States Constitution provides that private property shall not be taken for public use without just compensation. And just compensation means the full monetary equivalent of the property taken. The owner is to be put in the same position monetarily as he would have occupied if his property had not been taken. The guiding principle of just compensation is that the owner of the condemned property must be made whole but is not entitled to more.

---

[1] Doc. #4.

[2] With respect to the amount deposited with the Court, the parties represent that in addition to the $3,600 previously deposited, "on August 5, 2022, [TVA] mailed to the Clerk of Court … a check in the amount of $3,650." Doc. #34 at 2. The additional funds were received by the Court on August 8, 2022.

*United States v. 0.2853 Acres of Land*, No. 3:16-cv-2814, 2018 WL 4103435, at *3 (N.D. Tex. June 5, 2018) (cleaned up).

Based on the parties' agreement here, the Court concludes $7,250 is just compensation for the Property; so the parties' joint motion will be granted. *See Fla. Gas Transmission Co., LLC v. +/-0.182 Acres of Land in Putnam Cnty.*, No. 3:21-cv-227, 2021 WL 5566626, at *4 (M.D. Fla. Nov. 29, 2021) (granting motion for stipulated final judgment under parties "confidential settlement agreement that provides for payment of compensation").

### III
### Conclusion

The "Joint Motion for Entry of a Proposed Judgment and Order Disbursing Funds" [34] is **GRANTED**. A judgment consistent with the proposed judgment will be issued separately.

**SO ORDERED**, this 22nd day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**