# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**UNITED STATES OF AMERICA**  **PLAINTIFF**
upon the relation and for the use of
the Tennessee Valley Authority

**V.**  **NO. 3:22-CV-26-DMB-RP**

**TREE-REMOVAL RIGHTS WITH
RESPECT TO LAND IN DESOTO
COUNTY, MISSISSIPPI, and
LINDA B. STEWART, Trustee of
the Linda B. Stewart Living Trust,
dated February 7, 2006, as amended**  **DEFENDANTS**

## ORDER

On August 22, 2022, the Court granted the parties' joint motion for an entry of judgment and order disbursing funds in this condemnation action. Doc. #35. The same day, the Court entered a judgment awarding $7,250—the amount on deposit with the Court—to Linda B. Stewart, Trustee of the Linda B. Stewart Living Trust. Doc. #36. Neither the order on the joint motion nor the judgment addressed any accrued interest on the funds deposited with the Court.

Pursuant to 40 U.S.C. § 3114(c)(1), "[t]he judgment shall include interest … on the amount finally awarded as the value of the property as of the date of taking and shall be awarded from that date to the date of payment," but "[i]nterest shall not be allowed on as much of the compensation as has been paid into the court." This provision has been interpreted to mean interest "is awarded only upon the excess of any amount finally awarded as just compensation taken over the amount deposited by the government as its estimate of the just compensation for the land taken." 7 FED. PROC., L. ED. § 14:64.

Here, the parties agreed on the amount of just compensation for the property taken and

such amount was deposited with the Court. Consistent with 40 U.S.C. § 3114(c)(1), interest on the judgment is not warranted. The Clerk of Court is **DIRECTED** to disburse any and all accrued interest to the United States of America, upon the relation and for the use of the Tennessee Valley Authority.

      **SO ORDERED**, this 11th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**